FREDRICK W. CARROLL, *Petitioner,*

*v.*

OREGON STATE PENITENTIARY, *Respondent.*

(Agency No. 08-77-082, CA 9160)

575 P2d 173

See also, 33 Or App 79, 575 P2d 172.

Stephanie A. Smythe, Deputy Public Defender, Salem, argued the cause for petitioner. With her on the brief was Gary D. Babcock, Public Defender, Salem.

Donald L. Paillette, Assistant Attorney General, Salem, argued the cause for respondent. On the brief were James A. Redden, Attorney General, Al J. Laue, Solicitor General, and Thomas H. Denney, Assistant Attorney General, Salem.

Before Schwab, Chief Judge, and Johnson and Roberts, Judges.

ROBERTS, J.

**ROBERTS, J.**

In this prison disciplinary case petitioner was convicted of a violation of Oregon Administrative Rules, ch 291 § 291-40-050(7), which provides in relevant part:

"Rules of Prohibited Conduct.

"(7) Possession, Manufacture, or Use of Dangerous Contraband. No inmate shall possess, manufacture, or use:

"\* \* \* \* \*

"(c) Narcotics or narcotics paraphernalia;

"\* \* \* \* \*."

Petitioner claims that there was insufficient evidence to find him guilty of a violation of this rule.

On August 12, 1977, a corrections officer making a routine search of petitioner's cell, found a hand-made pipe containing burned residue and ash. The pipe was made from a rolled matchbook and a small piece of tinfoil. On the basis of the officer's report stating that this pipe had been found, petitioner was found guilty of a violation of OAR 291-40-050(7).

The only testimony taken at the hearing before the disciplinary committee was that of petitioner. He stated that he had made the pipe and used it to smoke tobacco. Petitioner stated that the pipe had never been used nor was it intended for use to smoke illegal substances. Petitioner admitted that such a pipe could be used to smoke such substances.

The state argues that since the pipe admittedly could have been used for smoking marijuana or hashish, possession of it constituted possession of narcotics paraphernalia. We cannot agree. In order to find a person guilty of possession of narcotics paraphernalia it must be shown that the item possessed was used or was intended to be used for use of narcotics. Simply because an item can be used for narcotics, does not make possession of that item possession of narcotics paraphernalia, where the item

possessed also has a legitimate function and no evidence links the item with narcotics.

2. In this case, there was no evidence that the pipe had been used or was intended for narcotic use. Because of this, no violation of the rule was shown.

Reversed.